UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTOR L. PARKER,

    Petitioner,

v.                                      Case No. 8:08-cv-428-T-23MAP

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

Parker petitions under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges a prison disciplinary committee's decision to revoke thirty (30) days of Parker's good time credits. The committee's decision was based on the discovery of contraband in Parker's cell, specifically a rope and some braided wire. The petition lacks merit.

**STANDARD OF REVIEW**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. at 694. See Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme court "as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given

- 2 -

effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). Federal courts must afford due deference to a state court's decision. "AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." Renico v. Lett, ____ U.S. ____, 130 S. Ct. 1855, 1866 (2010).

Parker properly exhausted his claim in a petition for the writ of mandamus, which the lower court denied. (Respondent's Exhibits A - D)  In a per curiam decision without a written opinion, the state appellate court denied further review. (Respondent's Exhibit H)

Parker bears the burden of overcoming by clear and convincing evidence a state court factual determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001).

Parker must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## DISCUSSION

In challenging the revocation of good time credits, Parker contends that the disciplinary committee both lacked evidence and failed to identify what evidence proved

his possession of contraband.  A rope (slightly more than one foot long) and some braided wire were included in the items seized during the search of Parker's cell.  Most of the other items were later returned to Parker after he proved ownership.  Immediately above Parker's signature on the "Inmate Impounded Personal Property List" (Exhibit B attached to Parker's petition), the form states, "The personal property listed above was inventoried in my presence and is a true listing of all personal property taken from me."

The disciplinary committee violated none of Parker's rights.  "The touchstone of Due Process is freedom from arbitrary governmental action, but prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Ponte v. Real, 471 U.S. 491, 495 (1985) (internal quote omitted).  In Wolff v. McDonnell, 418 U.S. 539, 556 (1974), the Supreme Court established five requirements as the process an inmate is due in disciplinary proceedings.  First, the inmate must receive an adequate, written notice of the charges.  Second, he must receive this written notice at least 24 hours before his hearing.  Third, he must have an opportunity, as limited by safety needs or correctional goals, to call witnesses and present documentary evidence in his defense.  Fourth, the fact-finder must make a written record of both the evidence and the reasons for taking disciplinary action.  This written record must show that the disciplinary committee's findings were based on "some evidence." Superintendent v. Hill, 472 U.S. 445, 454 (1985).  Fifth, where circumstances warrant, an inmate should receive the help of an inmate or staff member. Wolff v. McDonnell, 418 U.S. at 570.

Parker offers no challenge to the disciplinary proceeding based on the first, second, or fifth requirements.  Parker briefly argues that defendants failed to comply with

the third requirement because the disciplinary committee rejected Parker's request to present testimony from another inmate. Parker presented to the committee an affidavit from that inmate. (Exhibit D attached to Parker's petition) The committee properly determined that the inmate's testimony was irrelevant. Parker's principle challenge is that the committee's decision lacks supporting evidence. Despite now disavowing ownership of the rope and wire, Parker's signature on the form acknowledges that the officers removed the items from his cell. The charges were supported by more than only "some evidence." The committee considered the statements by the two officers who conducted the search, the inventory list showing the confiscation of the rope and braided wire, and photographs of those two items. The record more than adequately shows that the disciplinary proceedings met each of Wolff's five requirements. See Hill, 472 U.S. at 455 ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.").

Parker cannot meet his burden of showing that the state court's decision was contrary to, or involved an unreasonable application of, clearly established law, or that the decision was based on an unreasonable determination of the facts, as required by 28 U.S.C. § 2254(d).

Accordingly, Parker's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Parker and close this case.

ORDERED in Tampa, Florida, on March 31, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE